IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| THOMAS L. PYBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:13-CV-2 (MTT) |
| | ) |
| Warden TOM GRAMIAK, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Stephen Hyles. (Doc. 5). The Magistrate Judge, having reviewed the Complaint pursuant to 28 U.S.C. § 1915A, recommends dismissing Defendants Warden Tom Gramiak and Debra McGriff because the Plaintiff's Complaint does not include allegations connecting these Defendants to the alleged constitutional violations nor does it allege the prerequisites for imposing supervisor liability. The Magistrate Judge also recommends dismissing Defendant Cassandra Portor because the Plaintiff has, at most, alleged that she made a mistake or was negligent, and negligent acts do not support a claim for deliberate indifference.

The Plaintiff filed an objection to the Recommendation. (Doc. 8). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects. The Plaintiff argues that Warden Gramiak and McGriff should be held liable because of their supervisory roles. "Supervisory officials cannot be held liable under § 1983 for the unconstitutional actions of their subordinates based on respondeat superior liability." *Gray v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006) (internal citation

omitted). Instead, "[a] claim based on supervisory liability must allege that the supervisor: (1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 Fed. Appx. 527, 531 (11th Cir. 2009) (citing *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1331 (11th Cir. 2007)). The Plaintiff has not alleged any of these prerequisites necessary to sustain a claim against Warden Gramiak or McGriff. The Plaintiff states that he does not have evidence to show Portor violated his rights but that he may be able to find out what role she played through discovery. However, the Plaintiff has not sufficiently alleged a claim against Portor to warrant keeping her as a party to this action.

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge, and the Recommendation is adopted and made the order of this Court. Defendants Warden Tom Gramiak, Debra McGriff, and Cassandra Portor are **DISMISSED** as parties to this action. The Plaintiff's claims against the remaining Defendant shall go forward.

**SO ORDERED**, this the 13th day of February, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT