IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THOMAS L. PYBURN, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO: 5:13-CV-002-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| BRENDA DURHAM, | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

## REPORT AND RECOMMENDATION

Presently pending before the Court are Defendant's motion to dismiss (ECF No. 12) and Plaintiff's motion to disqualify counsel (ECF No. 15), motion for leave to file an amended complaint (ECF No. 16), motion for extension of time (ECF No. 17), and motion for a preliminary injunction (ECF No. 19).  For the following reasons, it is recommended that Plaintiff's motion for preliminary injunction be denied and Defendant's motion to dismiss be granted.  Plaintiff's other pending motions should be denied as moot.

### BACKGROUND

Plaintiff alleges in his Complaint that on September 27, 2012, he sent out two legal envelopes on the proper indigent postage request form.  (Compl. 7, ECF No. 1.)  These mailings contained his petition for writ of certiorari to the United States Supreme Court. (*Id.*)  One envelope was addressed to the Supreme Court and the other to the Attorney General for the State of Georgia.  (*Id.*)  Plaintiff contends that several people at the prison where he is currently confined, Dooly State Prison, stopped the package to the Georgia Attorney General from being mailed.  (*Id.*)  Plaintiff avers that this failure to serve the

Georgia Attorney General in compliance with United States Supreme Court Rule 29 caused Plaintiff to procedurally default his claim and resulted in the denial of his petition for writ of certiorari. (Compl. 9.) He originally sued several officials from Dooly State Prison in their individual and official capacities pursuant to 42 U.S.C. § 1983 for violating his constitutional right to access to the courts.

After a preliminary review of Plaintiff's claims, only his claims against Defendant Durham, who Plaintiff claims is a Dooly State Prison business office employee (Compl. 5), were allowed to go forward. (Order 2, Feb. 13, 2013, ECF No. 10.) Defendant Durham thereafter filed a motion to dismiss (ECF No. 12) under Federal Rules of Civil Procedure Rule 12(b)(6) to which Plaintiff responded.[1] Plaintiff also filed a motion for a preliminary injunction (ECF No. 19) seeking that Defendant Durham be ordered to "provide Plaintiff and other indigent inmates with proper postage for legal mail." (Mot. for Prelim. Inj. 3.) These motions are now ripe for review.

## DISCUSSION

I. **Defendant's Motion to Dismiss**

A. Standard of Review

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007);

---

[1] Plaintiff's currently pending motion for an extension of time to file a response as to the Defendant's motion to dismiss is granted. Plaintiff's response to the motion to dismiss has been considered by this court.

*Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

B.    Official Capacity Claims

Defendant Durham contends that Plaintiff's claims against her in her official capacity should be dismissed because she is immune from suit pursuant to the Eleventh Amendment. Defendant Durham is an employee of Dooly State Prison—i.e., an employee of the Georgia Department of Corrections ("GDOC"). GDOC employees are entitled to Eleventh Amendment immunity for claims in their official capacities. "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006). "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDOC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Likewise, "authority and duty [of the sheriff] to administer the jail in

3

his jurisdiction flows from the State, not the County." *Purcell ex rel Estate of Morgan, v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1325 (11th Cir. 2005) (internal quotation marks and citation omitted); *see also Manders v. Lee*, 338 F.3d 1304, 1308-12, 1315-18, 1328-29 (11th Cir. 2003). "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the GDOC unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Ferguson*, 428 F. Supp. 2d at 1352. Therefore, Eleventh Amendment immunity bars suit here as a threshold matter.

Additionally, GDOC employees, as state officials acting in their official capacities, are not considered "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Ferguson*, 428 F. Supp. 2d at 1352-53. Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for dismissal of Plaintiff's claims. *Will*, 491 U.S. 71. Defendant is thus entitled to dismissal of Plaintiff's claims made against her in her official capacity.

C.     Individual Capacity Claims

Defendant also contends that Plaintiff's Complaint should be dismissed because she is entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary duties from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Anderson v. City of Naples*, 501 F. App'x 910, 915-16 (11th Cir. 2012) (internal quotation marks and citation omitted). "The purpose of qualified

immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating federal law." *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (internal quotation marks and citation omitted).

"In order to receive qualified immunity, an official must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred." *Id.* Once the defendant shows that she was acting within her discretionary authority, the burden then shifts to the plaintiff to establish that qualified immunity does not apply. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004). In this case, it is undisputed that Defendant was acting within the scope of her discretionary authority when she declined to mail out a copy of Plaintiff's petition for writ of certiorari to the Georgia Attorney General. Because that determination is made, the burden then shifts to Plaintiff to show that the Defendant is not entitled to qualified immunity.

"To overcome an official's claim of qualified immunity, the plaintiff must show that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the alleged violation." *Anderson*, 501 F. App'x at 916 (citation omitted).[2] The Court therefore must determine whether the Plaintiff has sufficiently alleged that the defendant's conduct violated a clearly established constitutional right and whether that right is clearly established.

Plaintiff alleges that by failing to mail the service copy of the petition for writ of

---

[2] Courts should use their discretion in determining which prong of the qualified immunity inquiry to address first. *McCullough*, 559 F.3d at 1205.

5

certiorari to the Georgia Attorney General, Defendant Durham violated his constitutional right to access to the courts. "It is . . . established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right is "grounded in several constitutional amendments, including the First, Fifth and Fourteenth Amendments." *Dennis v. Schwarzauer*, 496 F. App'x 958, 959 (11th Cir. 2012). "To assert an access-to-the-courts claim, the plaintiff must possess a non-frivolous, arguable underlying cause of action, the presentation of which was prevented by the defendant." *Id.* Thus, "[i]n order to establish a violation of the right of access to the courts . . . a prisoner must show an actual injury." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010). "To state an actual injury, the plaintiff must allege that he had a cause of action that he could not vindicate because of the defendant's actions, and he must describe that underlying cause of action in his complaint." *Bryant v. Ruvin*, 477 F. App'x 605, 607 (11th Cir. 2012).

Here, it is entirely unclear that Plaintiff suffered any actual injury from Defendant's failure to mail the service copy to the Georgia Attorney General. Plaintiff claims in his Complaint that the failure to serve the Attorney General resulted in his procedurally defaulting his petition. This statement is belied by the fact that Petitioner's petition for writ of certiorari was considered and denied by the United States Supreme Court, not dismissed. (Pl.'s Ex. D, ECF No. 22-5; *see also Pyburn v. Oubre*, Case No. 12-6628, docket sheet (U.S. Nov. 21, 2012) (noting that Plaintiff's petition was distributed for

conference on December 7, 2012).)[3]  Since Plaintiff suffered no actual injury from Defendant's actions, there is no constitutional violation in this case and Defendant is entitled to qualified immunity.

Even assuming that Plaintiff has sufficiently alleged that a constitutional violation has occurred, which the Court explicitly declines to find, such constitutional violation is not clearly established.  "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right."  *Reichle v. Howards*, -- U.S. --, 132 S. Ct. 2088, 2093 (2012) (internal quotation marks and citation omitted) (alteration in original).  "In other words, existing precedent must have placed the statutory or constitutional question beyond debate."  *Id.* (internal quotation marks and citation omitted).  The Eleventh Circuit has explained that

> [a] right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law.

*Maddox v. Stephens*, -- F.3d --, 2013 WL 4437161, at *8 (11th Cir. 2013).  Furthermore, "[t]he inquiry whether a federal right is clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition."  *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012) (internal quotation marks and citation omitted).  "The relevant, dispositive inquiry in determining whether a right is *clearly*

---

[3] When ruling on a Rule 12(b)(6) motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when [ruling on such motions], in particular, documents incorporated into the complaint by reference and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

established is whether it would be *clear* to a reasonable [state official] that his conduct was unlawful in the situation he confronted." *Id.* (quotation marks and citation omitted) (emphasis and alteration in original). The court should look "only to binding precedent—cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose—to determine whether the right in question was clearly established at the time of the violation." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citation omitted).

There is no law, case law or otherwise, that establishes that a failure to mail a copy of Plaintiff's petition for writ of certiorari to the Georgia Attorney General is unconstitutional. Furthermore, it is unlikely that any reasonable state official would think that it is unlawful to fail to mail a service copy of a petition for writ of certiorari in the situation presented to Defendant. The current situation must be distinguished from a state official failing to mail the petition for writ of certiorari itself, which, depending upon the particular facts of the case, may be clearly unlawful. Defendant here did mail Plaintiff's petition for writ of certiorari to the United States Supreme Court where it was considered and denied. It is not clearly established that Defendant's failure to mail the petition for writ of certiorari to the Georgia Attorney General violated any right, and Defendant is consequently entitled to qualified immunity. It is therefore recommended that Defendant's motion to dismiss be granted.

## II. Plaintiff's Motion for a Preliminary Injunction

Plaintiff moves for a preliminary injunction ordering Defendant to provide "proper postage for legal mail." (Mot. for Prelim. Inj. 3.) A preliminary injunction is an

extraordinary remedy. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) ("preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."). Such remedy requires a showing, *inter alia*, of a "substantial likelihood of success on the merits" and that "irreparable injury will be suffered unless the injunction issues." *Robertson*, 147 F.3d at 1306. As explained above, it is unlikely that Plaintiff will succeed on the merits of his case. It is therefore recommended that Plaintiff's motion for a preliminary injunction be denied.

### III.     Miscellaneous Motions

Plaintiff also has pending to miscellaneous motions (ECF Nos. 15, 16). Because it is recommended that Defendant's motion to dismiss be granted, it is further recommended that Plaintiff's miscellaneous motions be denied as moot.

### CONCLUSION

For the reasons explained above, Defendant's motion to dismiss (ECF No. 12) should be granted and Plaintiff's motion for a preliminary injunction (ECF No. 19) should be denied. Plaintiff's miscellaneous motions should be denied as moot (ECF Nos. 15, 16). Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 12th day of November, 2013.

                                                S/ Stephen Hyles
                                                UNITED STATES MAGISTRATE JUDGE