IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THOMAS L. PYBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:13-CV-2 (MTT) |
| | ) | |
| BRENDA DURHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Stephen Hyles.  (Doc. 33).  The Magistrate Judge, having reviewed the Defendant's motion to dismiss (Doc. 12) and the Plaintiff's motion for preliminary injunction (Doc. 19), recommends granting the Defendant's motion because she may not be sued for damages in her official capacity as a state employee.  The Magistrate Judge also recommends granting the Defendant's motion because the Plaintiff failed to allege an actual injury under his access to the courts claim given that the Defendant's alleged conduct had no impact on the Supreme Court's denial of the Plaintiff's writ for certiorari.  The Magistrate Judge recommends denying the Plaintiff's motion because the Plaintiff has not alleged he is likely to succeed on the merits.

The Plaintiff filed an objection to the Recommendation.  (Doc. 34).  Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.  The Plaintiff argues that the claim against the Defendant in her official capacity should not be dismissed because he requested injunctive relief against her.  However, this claim for relief is not in the Plaintiff's complaint.  The Plaintiff also argues that the

Defendant is not entitled to qualified immunity because she was not acting within her discretionary authority and this Court should assume that his writ was denied by the Supreme Court for procedural default caused by the Defendant.  However, the Plaintiff's allegations clearly indicate that the Defendant's alleged actions were taken pursuant to her duties and within the scope of her authority as an administrative employee at Dooley State Prison.  Further, the Plaintiff has failed to plausibly allege that he suffered an actual injury caused by the Defendant's conduct or that he had a colorable underlying claim.  See *Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006).

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge, and the Recommendation is adopted and made the order of this Court.  The Plaintiff's motion for preliminary injunction is **DENIED**, and the Defendant's motion to dismiss is **GRANTED**.  The Plaintiff's remaining motions are **DENIED as moot** (Docs. 15, 16), and this case is **DISMISSED without prejudice**.

**SO ORDERED**, this the 11th day of December, 2013.

                                      S/ Marc T. Treadwell
                                      MARC T. TREADWELL, JUDGE
                                      UNITED STATES DISTRICT COURT